STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-760


MISTY FINCHUM AGENCY, LLC, ET AL.

VERSUS

JAMIE THIBODEAUX AND ASSOCIATES, INC., ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2012-2792
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy and
Phyllis M. Keaty, Judges.

REVERSED AND REMANDED WITH INSTRUCTIONS.

David Dwight
Dwight Law Firm
1400 Ryan Street
Lake Charles, LA   70601
(337) 439-3138
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Misty Finchum Agency, LLC
    Misty Finchum

Somer G. Brown
Cox, Cox, Filo, Camel & Wilson, LLC
723 Broad Street
Lake Charles, LA   70601
(337) 436-6611
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Misty Finchum Agency, LLC
    Misty Finchum

**Robert E. Landry**
**Scofield, Gerard, Pohorelsky, Gallauger & Landry, LLC**
**901 Lakeshore Drive, Suite 900**
**Lake Charles, LA   70601**
**(337) 433-9436**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Allstate Insurance Company**

**Kristin L. Beckman**
**Barrasso Usdin Kupperman Freeman & Sarver, L.L.C.**
**909 Poydras Street, 24th Floor**
**New Orleans, LA   70112**
**(504) 589-9700**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Allstate Insurance Company**

**Peter J. Valeta**
**123 N. Wacker Drive, Suite 1800**
**Chicago, IL   60606**
**(312) 474-7900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Allstate Insurance Company**

**Timothy O'Dowd**
**921 Ryan Street, Suite D**
**Lake Charles, LA   70601**
**(337) 310-2304**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Jamie Thibodeaux and Associates, Inc.**
    **Jamie Thibodeaux**

**AMY, Judge.**

Following the purchase of an insurance agency, the plaintiffs filed suit against both the insurer and the agency, including its owner, alleging the discovery of undisclosed problems with the agency's book of business. The plaintiffs sought damages stemming from her discovery of those alleged problems. The insurer filed a cross claim against the agency owner, seeking indemnification. After a jury found in favor of the defendants, the trial court granted the plaintiffs' motion for new trial against the insurer. However, the trial court denied the plaintiffs' motion for new trial against the agency and ultimately dismissed the agency and its owner from the proceeding. The insurer appeals, asserting that the trial court erred in dismissing its cross claim from the proceedings. For the following reasons, we reverse and remand with instructions.

## Factual and Procedural Background

Misty Finchum filed this matter, individually, and as Misty Finchum Agency, LLC, following the purchase of an Allstate Insurance agency in Calcasieu Parish for $500,000.00. The purchase was commemorated by a July 2011 Act of Sale confected between "Misty Finchum Agency, LLC" as "Buyer" and Jamie Thibodeaux, Marla Thibodeaux, and "Jamie Thibodeaux & Associates, Inc.[1] d/b/a Jamie Thibodeaux Allstate Agency" as the "Seller." Therein, Seller conveyed, among other things, "[a]ll insurance policies and brokerage income[.]"[2] The Act of Sale further represented that "Seller approve[d] of the transfer of his current

---

[1] The Thibodeaux agency appears variously throughout the record as "Jamie Thibodeaux and Associates, Inc.[,]" "Jamie Thibodeaux & Associates, Inc.[,]" and "Jamie Thibodeaux Associates[.]" Outside of quotations, this review references the entity as "Thibodeaux and Associates" for brevity and consistency.

[2] Mr. Thibodeaux asserted at trial that he believed that he was transferring only policies from his independent book of business as he did not "own" the agency's Allstate policies.

Allstate insurance agency to Buyer and does hereby transfer any and all rights in said agency to Buyer."

The plaintiffs alleged in the initial petition that, in the course of renewing previously issued policies, "it was determined that the premium as quoted by [Thibodeaux and] Associates and [Mr.] Thibodeaux would not be applicable upon renewal and the renewal premium would increase." They further alleged that "[b]ased upon a review of the customer's application when the initial policy was issued and through the renewal process, it was determined certain information had been falsified on the applications as submitted by [Thibodeaux and] Associates and [Mr.] Thibodeaux." The plaintiffs suggested that numerous customers did not renew policies with the agency due to the resulting increase in premiums and that the business, therefore, sustained damages.

The plaintiffs named Mr. Thibodeaux, Thibodeaux and Associates, and Allstate Insurance Company as defendants. As for Allstate, the plaintiffs asserted that "defendant Allstate knew or should have known the applications submitted by defendant, [Thibodeaux and] Associates and [Mr.] Thibodeaux, were falsified and failed to disclose this information to petitioners."[3] The plaintiffs alleged in their petition that the Misty Finchum Agency "would never have purchased the business had it known about the falsified applications prior to the sale."

The petition included a prayer for damages, including those for economic damages and for mental anguish. Additionally, and as to Mr. Thibodeaux and Thibodeaux and Associates, Ms. Finchum noted that the Act of Sale provided: "In

---

[3] On this point, uncontroverted evidence developed at trial indicated that the impetus for the sale of the agency was Allstate's termination of Mr. Thibodeaux's affiliation with the company following an internal review and his admission that he supplied improper policy discounts to five policies. Ms. Finchum alleged at trial that she had subsequently discovered problems associated with hundreds of applications, an allegation disputed by the defendants.

2

the event that any insurance policy is cancelled or not renewed because of non-compliance by Seller with any of Allstate Insurance Company's rules and regulations, Buyer shall be entitled to liquidated damages in the amount of $2,500.00 per policy which is cancelled or not renewed." By supplemental and amending petitions, Ms. Finchum not only increased the number of allegedly problematic policies, but she further asserted that Allstate was liable to her for damages for unfair trade practices pursuant to La.R.S. 51:1409.

In response, and included within its answer to the petition, Allstate asserted a cross claim against Mr. Thibodeaux seeking indemnification. It referenced the following portion of its "Exclusive Agency Agreement" executed by Mr. Thibodeaux:[4]

## X.    INDEMNIFICATION:

. . . .

B.    You will indemnify the Company against liability, including the cost of defense and settlements, imposed on the Company by law for damages sustained by any person and caused by your acts or omission, or those of any employees or other person working in connection with this Agreement, provided that the Company has not caused or contributed to cause such liability by its acts or omission.

Allstate further noted that it was not a party to the Act of Sale and that it "therefore owed no duties to Finchum with regard to that contract or any other transaction between Finchum and Thibodeaux." It specifically denied the plaintiffs' "allegations that that [sic] it made any misrepresentations in connection with her purchase of Thibodeaux's book of business." Allstate suggested that "[t]o the extent Finchum is awarded damages against Defendants, Allstate has not caused or contributed to cause any liability by its acts or omissions."

---

[4] Thibodeaux and Associates was not a party to the Agency Agreement. Neither did Allstate include Thibodeaux and Associates as a defendant to the cross claim.

Thereafter, the plaintiffs dismissed their "claims for damages against Jamie Thibodeaux, Individually" by an "*Ex Parte* Consent Judgment of Partial Dismissal[.]" The plaintiffs further represented that they would "not pursue Jamie Thibodeaux, Individually, for any damage awards plaintiffs may obtain against Jamie Thibodeaux and Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency." The judgment included a "reservation of rights as to all other defendants[.]"

Further, and during the subsequent jury trial, the plaintiffs and Mr. Thibodeaux, as well as Thibodeaux and Associates, entered into an additional "*Ex Parte* Consent Judgment of Partial Dismissal." The judgment dismissed "Plaintiffs' claims for liquidated damages under the Act of Sale entered into between Plaintiffs and the Thibodeaux Defendants on or about July 29, 2011." However, the plaintiffs reserved their rights "to pursue other claims under the Act of Sale and Plaintiff expressly reserve[d] the right to assert such claims, including the breach of warranty claim[.]"

Following the multi-day trial, the jury returned a verdict in favor of the defendants. The jury responded "No" to questions as to whether Allstate violated the Unfair Trade Practices Act, whether Allstate committed fraud, or whether Ms. Finchum incurred damages as a result of Allstate's actions. The jury also responded "No" when asked whether "Jamie Thibodeaux Associates, Inc. d/b/a/ Jamie Thibodeaux Allstate Agency" breached any warranty from the Act of Sale or whether Mr. Thibodeaux had a duty to indemnify Allstate for damages associated with the sale of the Allstate agency. Thereafter, the plaintiffs filed a motion for judgment notwithstanding the verdict or, alternatively, motion for new trial against both Thibodeaux and Associates and Allstate.

By final, amended judgment, the trial court granted the plaintiffs' motion for new trial as to Allstate for "good grounds and to prevent a miscarriage of justice" pursuant to La.Code Civ.P. art. 1973. It alternatively granted the motion for new trial "pursuant to Louisiana Code of Civil Procedure Article 1972(1), as the jury's verdict is contrary to the law and the evidence."[5] However, the trial court denied

---

[5]  In granting the motion for new trial as to Allstate, the trial court explained:

So my struggle here is . . . . that no rational trier of fact could have found that Allstate didn't commit some kind of fraud or misrepresentation to induce Misty Finchum into buying this agency. I mean I think the evidence is very clear on that and I think the jurors - - I mean the jurors believed that, but on the damages side of it there was a lot of discussion about the - - I don't remember the extent of all of it. I have some things I recall about what they said, but I remember they pointed out what Mr. O'Dowd said in his closing argument about the backup for that. Where were the witnesses? Where were the documents or policies to back up that spreadsheet? But, you know, - - so what I'm struggling with is even though I do find that no rational trier of fact could've found that there was no fraud or misrepresentation on the part of Allstate - - and the thing is even though they checked his box on there, even though, you know, they actually - - they shouldn't have touched that box because once they answered no to those two questions they shouldn't have gotten to the next question, which was do you find that there were damages or whatever the case may be, do you find that Misty Finchum - - do you find that Misty Finchum incurred damages or losses as a result of Allstate's actions and they put no, but they weren't supposed to answer that question. If they put no they were supposed to go to five. If they put no to question two they were supposed to go to question five.

So, you know, if they answered that question - - I mean had they answered the first question, question two, as yes and then they would've put no on question number three then I wouldn't be spending any time on this, but the fact that they said no to an obvious yes - - you know, to a question that the obvious answer was yes and that they even believed it was yes, but whatever reason they just didn't put that on there because they focusing on the damages side of it, I don't know, that's the struggle here, but I will say - - well - - but had they put yes and then they had put no and if we're here talking about - - you know, then we'd have to look at whether - - you know, then I would be actually looking at whether there should - - you know, then your motion would've been focused on whether there should be a JNOV on the damages with regard to, you know, her buying this - - would she have bought this place, this agency, but for this misrepresentation made to her because, you know, we're all different. Some people are more loose, like Dean Day. Hey, I'll buy it, I don't care what problems they've got, I'll buy it, it's no big deal to me, where some people are more, you know, by the book and they don't want to even - - they don't want to step across the line or spit on the sidewalk because they're afraid they're going to get a ticket or going to get arrested or whatever. I mean, you know, and Misty Finchum sounds like she may be one of those people that's more - - you know, that's worried about doing anything wrong and if she knew there was a book, you know, a business had problems then she may not have bought the business. I don't know. I mean that's just what she said. She wouldn't have bought it.

. . . .

5

the motion as to "defendant Jamie Thibodeaux and Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency, Jamie P. Thibodeaux, Individually."[6]

Central to the present matter, the amended judgment further indicated that "defendant Jamie Thibodeaux and Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency, Jamie P. Thibodeaux, Individually is hereby released from further proceedings as it relates it this matter."

Allstate appeals, assigning the following as error in its brief to this court:

> The Trial Court improperly dismissed Allstate's third-party indemnity claim against Thibodeaux when it granted a new trial as to Allstate but not Thibodeaux.

---

So, anyway, I don't know why they did what they did because they all clearly - - it's not like I'm even saying that they were irrational in what they thought because they thought the same thing that I did, which is that there was dishonesty and fraud involved, but they checked off the box because it was clear to me they were focusing more on damages than they were on answering the question correctly.

Anyway. But look, I think that in this case with regard to Allstate under the circumstances because I do find that there's no - - I mean I'm going to grant a new trial on the - - with regard to Allstate.

[6] With regard to Thibodeaux and Associates, the trial court explained:

Now I will say this. On the issue of Jamie Thibodeaux I do recall the evidence showed that Allstate had actually kept Jamie Thibodeaux out of that business for several months and I think for Jamie Thibodeaux to have assumed that - - I mean Jamie Thibodeaux had no control over what happened in that business during those months he was locked out of it and I think he was, as I recall, I mean I think he was - - I think the jury could've assumed that because he had no control over the business that Allstate would've fixed the problems during that time and that he felt like he was making a - - and they felt like Allstate really treated him the same way that treated Misty Finchum potentially, you know, with trying to force him to kind of hide their - - you know, what they were doing.

So anyway I'm going to deny the JNOV and the Motion for New Trial as it relates to Jamie Thibodeaux because I do think the way the case was argued, the way the evidence was presented, et cetera, that I think the jury could've - - I don't think it was irrational for them to have made the finding they did with regard to Jamie Thibodeaux and his agency. So I'm going to deny it with regard to Jamie Thibodeaux and Jamie Thibodeaux Agency, but I'm going to grant a new trial as it relates to Allstate because I just don't see any other way to handle that situation.

**Discussion**

We first observe that Allstate does not challenge the trial court's granting of the motion for new trial against it by this appeal.[7] Rather, its focus on appeal is on the dismissal of Mr. Thibodeaux in light of its cross claim for indemnification against him, a ruling it contends was premature in light of the forthcoming new trial.

In response, Mr. Thibodeaux suggests that the trial court's dismissal of the cross claim was appropriate in light of the denial of the motion for new trial as to Thibodeaux and Associates. Specifically, he notes that the jury answered "No" to the following jury question:

> **5.     Do you find that Jamie Thibodeaux Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency breached any warranty in the act of sale?**

He contends in his brief that the "same facts that would cause Thibodeaux to violate the warranty would also cause Allstate's rights to become executable." He additionally suggests that the trial court found a lack of evidence regarding the breach of warranty[8] in its denial of the motion for new trial against Thibodeaux and

---

[7] Allstate instead challenged the ruling regarding the motion for new trial by applications for supervisory writs. Following review, a panel of this court denied the applications finding "no abuse of discretion in the trial court's ruling." *See Misty Finchum Agency, L.L.C. v. Jamie Thibodeaux and Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency*, 16-378, 16-561 (La.App. 3 Cir. 7/20/16), *writ denied*, 16-1598 (La. 12/16/16), _ So.3d _.

[8] The warranties at issue appear within the Act of Sale, which includes the following provision:

"Property" shall mean all of Seller's present and future rights, title and interest:

A)     All insurance policies and brokerage income bound or transacted after 12:01 a.m. July 1, 2011.

. . . .

G)     Seller approves of the transfer of his current Allstate insurance agency to Buyer and does hereby transfer any and all rights to said agency to Buyer.

7

Associates.  Mr. Thibodeaux further notes that the clause relied upon by Allstate requires indemnification "provided that the Company has not caused or contributed to cause such liability by its acts or omission."  He contends that the trial court's granting of the new trial as to Allstate, but denial as to Thibodeaux and Associates, reveals a determination that Allstate was the cause of injuries, if any.

After review, we conclude that the trial court did, in fact, err in its dismissal of Allstate's cross claim against Mr. Thibodeaux under the facts of this case. Importantly, the dismissal of the indemnity claim, and the argument of Mr. Thibodeaux above, presupposes that Allstate caused or contributed to any liability by its own acts or omissions so as to render the indemnity clause ineffective.

However, and while the trial court remarked upon the evidence presented as to Allstate's alleged actions in finding that a new trial was appropriate, it did not enter a finding in favor of the plaintiffs.  Neither did it enter a finding against Allstate.  Rather, it rejected the plaintiffs' motion for JNOV in that regard.  Such a finding would have at least arguably resolved the issue of whether Allstate "caused

---

*Seller warrants that he has not made any material misrepresentations to Allstate Insurance Company in the issuance of these policies he is currently transferring to Buyer.*

(Emphasis added.)  Additionally, the portion of the Act of Sale entitled "Obligations of Seller" includes:

<u>Warranties of Seller</u>

As a material inducement to the Buyer to execute this agreement and to perform or cause same to be performed the obligations of the Buyer hereunder, the Seller represents and warrants to the Buyer that:

The business and operations of Jamie Thibodeaux & Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency has been and are being conducted in all material aspects in accordance with all applicable laws, rules and regulations of the state of Louisiana *and Allstate Insurance Company*.

(Emphasis added.)

or contributed" to any liability as a matter of law.  *See Martin v. Heritage Manor South Nursing Home*, 00-1023 (La. 4/3/01), 784 So.2d 627.  The trial court instead granted the new trial as to Allstate, and, thus, did "not deprive the parties of their right to have all disputed issues resolved by a jury."  *Id.* at 631.  The mechanism of the new trial returned the plaintiffs and Allstate "in the positions they occupied prior to trial."  *Id.*, n.4 (quoting FRANK L. MARAIST AND HARRY T. LEMMON, LOUISIANA CIVIL LAW TREATISE, CIVIL PROCEDURE, § 13.4 (1999)).  In turn, Allstate's liability and/or cause or contribution of any liability to the plaintiffs, if any, remains to be resolved and cannot at this point be construed as negating the subject indemnity clause as urged by Mr. Thibodeaux.

Neither is the reinstitution of the cross claim undermined by the fact that the trial court denied the motion for new trial against Thibodeaux and Associates.  Mr. Thibodeaux points out that the jury indicated "NO" in response to the following question:

> **5.    Do you find that Jamie Thibodeaux Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency breached any warranty in the act of sale?**

He contends that the determination of this fact, which the trial court did not disturb, precludes Allstate's continued pursuit against him for indemnification.  Recall, however, that the warranties referenced above were contained within the Act of Sale, confected exclusively between the plaintiffs and the Thibodeaux parties.  Allstate was not a party to that transaction.

Neither is indemnification dependent upon a breach of warranty claim.  Instead, Mr. Thibodeaux, individually, entered into the Agency Agreement, which broadly provided for indemnification to Allstate "for damages sustained by any person and caused by your acts or omission, or those of any employees or other

9

person working in connection with this Agreement[.]" That indemnification was not dependent upon an underlying breach of warranty. Additionally, as seen by reference to the question above, the jury indicated "NO" to a question asking whether "Jamie Thibodeaux Associates, Inc. d/b/a Jamie Thibodeaux Allstate Agency" breached any warranty.

By comparison, the subsequent question inquired as to the appropriateness of indemnification by Mr. Thibodeaux, individually, as follows:

**7. Do you find that Jamie Thibodeaux has a duty to indemnify Allstate for the damages associated with the sale of the Allstate agency?**

The jury indicated "NO" in response to this inquiry as well.

In sum, while the plaintiffs' underlying claims against Thibodeaux and Associates may have been resolved both by the jury and by the corresponding motion for new trial, Allstate's claims were not similarly resolved by those factual determinations. Rather, the plaintiffs' motions for new trial did not include any claim regarding Mr. Thibodeaux, individually, as he appeared in the case at that juncture only by inclusion as a defendant in Allstate's cross claim. Simply, as explained above, the trial court returned the plaintiffs and Allstate to their pre-trial posture due to the granting of the motion for new trial against that sole defendant. That pre-trial posture included Allstate's claim for indemnity against Mr. Thibodeaux. Accordingly, we find that the trial court erred in its dismissal of Mr. Thibodeaux, individually, insofar as he remained a defendant in the cross claim. We remand for the reinstitution of that claim.

**DECREE**

For the foregoing reasons, the trial court's dismissal of Allstate Insurance Company's cross claim against Jamie Thibodeaux, Individually, is reversed. This

matter is remanded for reinstatement of appellant/defendant's cross claim in that regard.  Costs of this proceeding are assessed to the appellee, Jamie Thibodeaux.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**